IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: March 9, 2015

**NO. 33,057**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID HANSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**OPINION**

**VANZI, Judge.**

{1}    Defendant appeals from his conviction for violation of a no-contact provision of a protective order. The central issue on appeal is whether the trial court erred in admitting secondary evidence to prove the contents of a series of text messages that Defendant allegedly sent in violation of the order. We conclude that the State failed to meet its burden to establish that the originals were lost or destroyed without bad faith before invoking an exception to the best evidence rule. The error was not harmless. Since we remand for a new trial on this ground, we need not reach Defendant's alternative argument that a new trial should be granted based on prosecutorial misconduct.

**BACKGROUND**

{2}    In February 2009, Defendant was restrained from having any contact with Sarah Myers for a period of six months. Myers contacted police on March 7, 2009, to report that Defendant violated the order of protection by sending her a series of text messages over the previous three days. Officer Mark Maycumber responded to the call. At trial, Maycumber testified that he reviewed Myers' cell phone and located a total of eight messages from an unknown number, including two that came in while

Maycumber was meeting with Myers. Maycumber further testified that he attempted to call the originating number without success and that officers were dispatched to locate Defendant at his last known address, also without success. For reasons that are not entirely clear, Maycumber instructed Myers to transcribe a copy of the messages by hand. The handwritten transcript consisted of a purportedly verbatim entry for each message, including its contents, a time and date stamp, and the originating phone number. Although Myers did not recognize the phone number and noted that it did not match Defendant's known number, the contents of the messages appeared to contain facts concerning their past relationship, including facts referencing the order of protection.

{3}   Trial was set to occur in metropolitan court when counsel for Defendant learned that the State sought to introduce the handwritten transcript into evidence in order to establish Defendant's identity as the sender. The parties agreed that this implicated the best evidence rule, *see* Rules 11-1001 to -1008 NMRA, but disputed whether an exception was applicable that would permit the admission of "other evidence of the content of a writing . . . if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith[.]" Rule 11-1004(A). The parties briefed and then argued the issue at a motion hearing and again on the day of trial. The trial court ultimately concluded that the messages on the phone were lost or destroyed

without bad faith, permitted Myers to read the transcript to the jury, and then admitted the handwritten transcript into evidence. The jury found Defendant guilty of violating the order of protection, the district court affirmed the conviction, and Defendant timely appealed.[1]

**DISCUSSION**

{4}    Defendant has contended, below and on appeal, that the best evidence rule and *State v. Chouinard*, 1981-NMSC-096, ¶ 23, 96 N.M. 658, 634 P.2d 680, require a new trial without the improperly admitted transcript. *Chouinard* sets out a three-part test for due process when the State fails to preserve evidence. *Id.* ¶ 16. Since we ultimately agree with Defendant that the text messages should not have been admitted into evidence according to the best evidence rule, we do not address the constitutional standards discussed in *Chouinard*.

{5}    The best evidence rule states that "[a]n original writing . . . is required in order to prove its content" unless a statute or rule provides otherwise. Rule 11-1002. We review the trial court's decision to exclude or admit evidence for an abuse of

---

[1] The State argues that this Court lacks jurisdiction to review the district court's disposition of an appeal from the metropolitan court. We recently rejected the State's position in *State v. Carroll*, \_\_\_-NMCA-\_\_\_, \_\_\_ P.3d \_\_\_, 2014 WL 6765814 (No. 32,909, Oct. 21, 2013). To the extent that the State asks us to overrule *Carroll*, we decline to do so.

discretion. *State v. Lopez*, 2009-NMCA-044, ¶ 12, 146 N.M. 98, 206 P.3d 1003. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted).

{6}     The text messages at issue in this case are "writings" for purposes of the rule. *See* Rule 11-1001(A) (defining a writing to consist "of letters, words, numbers, or their equivalent set down in any form"). As a practical matter, the best evidence rule infrequently applies, since a witness can typically testify based on independent firsthand knowledge of an event, even though a writing recording facts related to the event may also be available. *See* 2 Kenneth S. Broun, *McCormick on Evidence* § 234, at 135 (7th ed. 2013). In this case, however, the State had no evidence that Defendant sent the text messages, other than the content of the messages, which apparently referenced facts related to Defendant's relationship with Myers. The State's theory at trial relied on the contents of the writings themselves, which were introduced as substantive evidence through Myers' handwritten transcript. Thus an original writing was required unless otherwise provided by statute or rule. Rule 11-1002; *see also* 3 Barbara E. Bergman et al., *Wharton's Criminal Evidence* § 15:4, at 785 (15th ed. 2014) ("[T]he test is whether the party seeking to prove a fact is trying to prove what a particular writing . . . says or shows.").

**The Handwritten Transcript Was Secondary Evidence**

{7}     Since only secondary evidence is subject to exclusion under the best evidence rule, we first pause to clarify that the handwritten transcript was neither an original nor an admissible duplicate. An "original" is defined as "the writing . . . itself or any counterpart intended to have the same effect by the person who executed or issued it." Rule 11-1001(D). In the specific context of electronically stored information, " 'original' means any printout—or other output readable by sight—if it accurately reflects the information." *Id.* A "duplicate" is "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Rule 11-1001(E). A duplicate is typically admissible to the same extent as an original. Rule 11-1003.

{8}     The New Mexico Rules of Evidence, promulgated in 1973, were patterned after the draft of proposed federal rules that had been recently submitted for congressional approval. *State v. Martinez*, 2008-NMSC-060, ¶ 25, 145 N.M. 220, 195 P.3d 1232. Thus, our rules "generally follow the federal rules of evidence[.]" *Estate of Romero ex rel. Romero v. City of Santa Fe*, 2006-NMSC-028, ¶ 8, 139 N.M. 671, 137 P.3d 611. The text of New Mexico's best evidence rule was and remains virtually identical to its federal counterpart, which was designed to codify the common law's recognition that the written word occupies a "central position" in the law. *See* 2

5

Broun, *supra*, § 232, at 128. History's earliest articulations of the requirement prohibited the admission of legal documents copied by scriveners of the "Bob Cratchit sort," who transcribed by hand, and "not always under the best of conditions." *Id.* § 236, at 145. Thus, from its inception, the rule has protected against the fraudulent or negligent omissions and inaccuracies that inhere in subsequently made, handwritten copies. *See, e.g.*, *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1318-19 (9th Cir. 1986) (holding that after-the-fact reconstructions of drawings constituted secondary evidence).

{9}     While modern copying methods, which are typically mechanical or photographic, have led to the recognition that reliable duplicates are admissible to the same extent as originals, *see* Fed. R. Evid. 1003, the federal rules have retained the "Bob Cratchit" rationale and have never permitted subsequently transcribed, manual copies to pass as duplicates. *See* Fed. R. Evid. 1001(e) advisory committee's note (stating that subsequent, manual copies, "whether handwritten or typed, are not within the definition"); 2 Broun, *supra*, § 236, at 145. We find no basis to diverge in our application of New Mexico's rule. The requirement of an original writing continues to serve its purpose by setting a clear, minimal threshold to ensure accuracy, prevent fraud, and guard against intentional or unintentional misrepresentation through the introduction of selected portions of a comprehensive set of writings to which the

opponent has no access. *See generally* 2 Broun, *supra*, § 232, at 128-29; *Seiler*, 808 F.2d at 1319 (discussing the modern justifications for the rule). Accordingly, we conclude that Myers' hand drafted transcripts of the text messages are secondary evidence. An exception to the best evidence rule was therefore required for their admission.

**The State Did Not Prove the Originals Were Destroyed Without Bad Faith**

{10}     Rule 11-1004(A) provides an exception when "all the originals are lost or destroyed, and not by the proponent acting in bad faith." The State correctly acknowledges that it bore the burden to establish that (1) the originals were lost or destroyed, and (2) their loss or destruction was not the result of bad faith. *See Lopez*, 2009-NMCA-044, ¶ 14 (requiring the proponent "to either produce the original writings or explain why they were unavailable"); *Di Palma v. Weinman*, 1911-NMSC-036, ¶ 10, 16 N.M. 302, 121 P. 38 (stating that the proponent must establish destruction and also "remove[], to the satisfaction of the judge, any reasonable suspicion of fraud" (internal quotation marks and citation omitted)), *aff'd*, *Weinman v. De Palma*, 232 U.S. 571 (1914); *Palatine Ins. Co. v. Santa Fe Mercantile Co.*, 1905-NMSC-026, ¶ 6, 13 N.M. 241, 82 P. 363 (concluding that secondary evidence was improper when the proponent failed to show "why an original of the same could not be produced"); *Kirchner v. Laughlin*, 1892-NMSC-001, ¶ 6, 6 N.M. 300, 28 P.

7

505 (rejecting the notion that contents of a writing "may be shown by parol, in the absence of proof that proper efforts had been made to produce it").

{11} Our cases have not previously articulated any special requirements for proving that original documents have been lost or destroyed. Like its federal counterpart, New Mexico's best evidence rule specifically allocates to the court the responsibility of determining "whether the proponent has fulfilled the factual conditions for admitting [secondary] evidence[.]" Fed. R. Evid. 1008; Rule 11-1008. In the federal system, the trial court makes this determination in accordance with the requirements for deciding preliminary questions of fact. *See* Fed. R. Evid. 1008 advisory committee's note (stating that most preliminary questions of fact, including the question whether the loss of originals has been established, are for the judge "under the general principles announced in [Fed. R. Evid.] 104"). Thus, the issues of loss or destruction and absence of bad faith are foundational questions for the trial court to determine in accordance with Rule 104 before admitting secondary evidence to the jury. *See* Fed. R. Evid. 1008; 31 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure* §§ 8014, at 448-49, 8064, at 580-81 (1st ed. 2014).

{12} As we see no reason to deviate from the general standards for establishing admissibility here, we apply the same burden of proof that governs other foundational issues. *See* Rule 11-104(A) NMRA. Thus, as in the federal courts, the "lost or

8

destroyed" exception requires the proponent of secondary evidence in New Mexico to establish preliminary facts by a preponderance of the evidence. *State v. Martinez*, 2007-NMSC-025, ¶ 19, 141 N.M. 713, 160 P.3d 894 (stating that the burden to establish admissibility under Rule 11-104(A) requires that "the trial court need only be satisfied by a preponderance of the evidence that the foundational requirement has been met"); 31 Wright & Gold, *supra*, § 8014, at 449 (stating that the standard is "preponderance of the evidence" and "the burden is not sustained where the proponent merely casts doubt as to the existence of the original").

{13} The required foundation may be established by introducing circumstantial evidence that a diligent effort was made to obtain the originals or by eliciting direct testimony from a witness who caused their loss or destruction. 2 Broun, *supra*, § 237, at 150-51; *see Sylvania Elec. Prods., Inc. v. Flanagan*, 352 F.2d 1005, 1008 (1st Cir. 1965) (finding secondary evidence inadmissible where the plaintiff introduced "little if any evidence" related to the extent of the search for the missing originals); *United States v. Bennett*, 363 F.3d 947, 954 (9th Cir. 2004) (concluding that secondary evidence of GPS data was impermissible where the government failed to offer "any record evidence that it would have been impossible or even difficult to download or print out the data" from the device); *Cross v. United States*, 149 F.3d 1190, 1998 WL 255054, at *4-5 (10th Cir. 1998) (non-precedential) (finding that sworn testimony

9

that IRS agents undertook a diligent search for a missing form was sufficient to establish that the original was lost or destroyed); *United States v. McGaughey*, 977 F.2d 1067, 1071-72 (7th Cir. 1992) (en banc) (permitting the affidavit of an investigator to establish that continued search would be futile); *United States v. Cambindo Valencia*, 609 F.2d 603, 633 (2d Cir. 1979) (admitting secondary evidence where a witness testified that the original document was either given to the opponent or lost); *United States v. Standing Soldier*, 538 F.2d 196, 203 (8th Cir. 1976) (concluding that sworn testimony that an investigator attempted to locate a missing original by contacting the FBI was sufficient to establish that the original was lost or destroyed).

{14}     Considering Rules 11-1004(A) and 11-1008 along with these analogous cases interpreting and applying its federal counterpart, we find one aspect of this case to be both curious and dispositive. The State did not introduce any evidence that the messages were erased from the phone. When Defendant first objected to the admission of the transcript on August 26, 2009, counsel for the State contended that she did not bring "the actual phone with the text message[s]" because she was "unable to get a printout" of the messages. Although counsel's statement is insufficient to establish the necessary foundation for secondary evidence, it is also factually incomplete insofar as it appears to raise the possibility that the messages

10

were still on Myers' phone at the time but were in some manner unsuitable to whatever printing technology was available to the State. Myers then testified at the August 26 hearing and again at trial, but the State did not attempt to ask any questions or inquire regarding the existence or destruction of the messages.

{15} On appeal, the State asserts, without any citation to the record, that "Myers and Officer Maycumber both testified that . . . Myers deleted the original text messages from her phone." While we agree with the State that "testimony from a witness who destroyed the document" is sufficient to support a finding that loss or destruction has occurred, *see* 2 Broun, *supra*, § 237, at 150-51, we have scoured the record without locating any such testimony. Since "[t]he mere assertions and arguments of counsel are not evidence," *Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104, we cannot speculate or conclude that the State met its burden to establish by a preponderance of the evidence that the messages on the phone were destroyed without bad faith. *See State v. Gardner*, 1998-NMCA-160, ¶ 5, 126 N.M. 125, 967 P.2d 465 ("We review rulings upon the admission or exclusion of evidence under an abuse of discretion standard, but when there is no evidence that necessary foundational requirements are met, an abuse of discretion occurs." (citation omitted)).

{16} The district court did not hold the State to account for failing to meet its fundamental evidentiary burden under Rules 11-1004 and 11-1008. Defendant has,

11

however, argued that the messages were erased in bad faith. Neither the trial court, the district court, nor this Court can meaningfully consider that claim in the absence of evidence establishing whether the messages were erased, and if so, who erased them and why. In light of the standards discussed in this Opinion, it was error to admit the handwritten transcript under the "lost or destroyed" exception to the best evidence rule under these circumstances. Because the State's case relied entirely on the content of the inadmissible transcript to link Defendant to the violation of the protective order, the error was not harmless. *See State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (stating that "a non-constitutional error is harmless when there is no reasonable probability the error affected the verdict" (emphasis, internal quotation marks, and citation omitted)). The trial court erred in admitting the handwritten transcript into evidence to prove the contents of the text messages that Myers received.

**CONCLUSION**

{17}     We reverse the district court's order affirming Defendant's conviction for violation of the protective order and remand to the metropolitan court for a new trial.

{18}     **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

12

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**