This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellant,

v.                                                                    **NO. 34,864**

**NATHANIEL L.,**

Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**John J. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Robert E. Tangora, L.L.C.
Robert E. Tangora
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1} The State appeals from the district court's order granting in part Child's motion to suppress  evidence and exclude testimony; order denying the State's motion to reconsider suppression; and amended order denying the State's motion to reconsider. The State argues on appeal that the district court erred in excluding Asset Protection Officer Eric Recio's testimony regarding his personal observations of an incident, which incident was also recorded by surveillance equipment. In this Court's notice of proposed disposition, we proposed to reverse because (1) Rule 11-1002 NMRA does not apply because the State was not seeking to prove the contents of the recording by Recio's testimony [CN 4–5]; (2) even if Rule 11-1002 does apply, the testimony should have been admitted pursuant to Rule 11-1004 NMRA because the State met its burden of establishing that the original was lost and that the loss was not the result of bad faith [5–6]; and (3) the district court abused its discretion in suppressing the testimony on due process grounds because, when the failure to gather evidence is merely negligent, an oversight, or done in good faith, sanctions are inappropriate [CN 6–10]. Child filed a memorandum in opposition. We have given due consideration to the memorandum in opposition and, remaining unpersuaded, we reverse.

{2} In his memorandum in opposition, Child raises no new arguments or issues that were not otherwise addressed in this Court's notice of proposed disposition, so we refer Child to our responses therein. [CN 4–10] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly

held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We additionally note that Child contends that an "Asset Protection Officer" is de facto an arm of the State, the destruction of the video was therefore attributable to the State, and the State destroyed the video in bad faith. [MIO 4] However, Child has failed to provide any authority for his contention that a Walmart asset protection officer is an officer of the State, so we assume no such authority exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "[w]e will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists"). We therefore conclude that the destruction of the video was not attributable to the State.

{3}     Moreover, Child's contention that the video was destroyed in bad faith is merely an assertion of counsel, *see State v. Hanson*, 2015-NMCA-057, ¶ 15, 348 P.3d 1070 ("[T]he mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)), or, at best, an indication that there was a conflict in the evidence. To the extent such a conflict existed, we reiterate that it was for the district court to weigh the evidence and assess credibility, and we do not engage in a reweighing of the evidence on appeal. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and

may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)).

{4}     For the reasons set forth here and in our notice of proposed disposition, we reverse the district court's order granting in part Child's motion to suppress evidence and exclude testimony, order denying the State's motion to reconsider suppression, and amended order denying the State's motion to reconsider.

{5}     **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**TIMOTHY L. GARCIA, Judge**