This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **No. 35,829**

**JAMES HERRON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant James Herron appeals from his convictions, following a jury trial, of three counts of failure to disclose facts to obtain public assistance, contrary to

NMSA 1978, Section 30-40-1 (2006). In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm Defendant's convictions.

**Issue A: Burden-Shifting**

{2} Defendant continues to argue that the State improperly shifted the burden of proof to Defendant in its closing argument. [MIO 3] Defendant clarifies in his MIO that, in closing, the State repeatedly characterized his actions as failures to report his true address and faulted him for failing to bring proof of residence after the investigation began. [Id.] Defendant also contends that the State argued that he never came forward with proof that he resided at the addresses disclosed in his welfare applications. [Id.] Defendant claims that he is a borderline-homeless man who lived in precarious slum housing that caused him to frequently change his address, but that he had always truthfully disclosed his living situation to the authorities. [MIO 1] Defendant clarifies his argument that the State's purported burden-shifting violated his due process rights. [MIO 3] Due process entitles a criminal defendant to a determination that he is guilty of every element of the crime with which he is charged. *See State v. Herrera*, 2014-NMCA-007, ¶ 8, 315 P.3d 343.

{3} We set forth the jury instructions in our calendar notice, which identifies the elements required to be proven in order to convict Defendant. [*See* CN 5-6] The elements or facts that Defendant contends were not established due to the State's improper burden-shifting are that Defendant knowingly failed to disclose a change in circumstances to the New Mexico Human Services Department (HSD) for the purposes of obtaining or continuing to receive public assistance to which he is not entitled and that Defendant knowingly failed to disclose a material fact known to be necessary to determine eligibility for public assistance to HSD for the purposes of obtaining or continuing to receive public assistance to which he is not entitled. [*See* RP 150-54; *see also* CN 6-7]

{4} According to Defendant's MIO, the only evidence at trial was testimony from Jessica Gomez, an investigator with HSD's Office of the Investigator General. [MIO 2] Defendant has still failed to provide a complete recitation of all facts material to our consideration of this issue. *See* Rule 12-208(D)(3) NMRA (stating that the "docketing statement shall contain: . . . a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). Instead, Defendant only contends that Ms. Gomez testified that, during her interview with Defendant, he gave her a deceptive account of his various residences over the past several years; that she "personally went to several of [Defendant]'s past residences, and concluded that he

had not lived in them"; and that, in one instance, the city had condemned the property—although Defendant seems to indicate in his MIO, by way of a parenthetical explanation, that this occurred after Defendant had claimed tenancy. *See State v. Hanson*, 2015-NMCA-057, ¶ 15, 348 P.3d 1070 ("[T]he mere assertions and arguments of counsel are not evidence[.]" (internal quotation marks and citation omitted)). [MIO 2]

{5}	In light of the fact that Defendant failed to include a complete recitation of *all* testimony offered in *support* of the State's position that Defendant failed to disclose his addresses, *see Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that "the docketing statement must state all facts material to the issues" and indicating that the material facts include all evidence *supporting* the findings of the district court), and operating under the presumption of correctness, *see State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the rulings" or decisions of the district court); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (holding that the appellant's failure to provide the court with a summary of all the facts material to consideration of an issue on appeal necessitated a denial of relief), we conclude that this evidence is sufficient for a jury to have concluded, beyond a reasonable doubt, that Defendant knowingly failed to disclose a change in

circumstances to the HSD for the purposes of obtaining or continuing to receive public assistance to which he is not entitled and that Defendant knowingly failed to disclose a material fact known to be necessary to determine eligibility for public assistance to HSD for the purposes of obtaining or continuing to receive public assistance to which he is not entitled. We do not re-weigh the evidence but, instead, "defer to the district court when it weighs the credibility of witnesses and resolves conflicts in witness testimony." *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156. Further, although Defendant contends that he always told the truth, "the jury [was] free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{6}     As there was sufficient evidence to support the element that Defendant knowingly failed to provide all material facts and disclose a change in circumstances to HSD for the purposes of obtaining or continuing to receive public assistance to which he is not entitled, we cannot say that Defendant's due process rights were violated. Moreover, although Defendant complains that the State did not provide affirmative evidence of where Defendant actually *was* living [MIO 2], that is not an element required by the statute and the State was not required to provide such evidence. *See* § 30-40-1. [*See* RP 150-54 (jury instructions)] We therefore conclude

that the district court did not err in concluding that the State did not improperly shift the burden to Defendant.

**Issue B: Misleading Jury Instructions**

{7}     Defendant additionally continues to argue that the language in the jury instructions on the elements for Counts 1-4 was misleading. [MIO 4-7] As we indicated in our calendar notice [CN 5], the relevant statute states that

> failing to disclose facts or change of circumstances to obtain public assistance consists of a person knowingly failing to disclose a material fact known to be necessary to determine eligibility for public assistance or knowingly failing to disclose a change in circumstances for the purpose of obtaining or continuing to receive public assistance to which the person is not entitled or in amounts greater than that to which the person is entitled.

Section 30-40-1(A) (alteration omitted). We further set forth the jury instructions and noted that the jury instructions given to the jury track the language in the statute almost verbatim, adding only reference to Defendant, the specific relevant twelve-month period, and identifying which amount was relevant, and, as such, we suggest that the instructions correctly state the law. [CN 5-7]

{8}     In his MIO, Defendant emphasizes the second half of the statute, arguing that it indicates a "purposeful" *mens rea* as a distinct element of the crime that should be separately set out for the jury. [MIO 4, 5] Defendant's proffered instruction reads, in pertinent part, that the State was required to prove that

6

1. Defendant knowingly failed to disclose to HSD a material fact he knew to be necessary to determine eligibility for public assistance or that he knowingly failed to disclose a change in circumstances; and

2. Defendant failed to disclose such information for the purpose of obtaining or continuing to receive public assistance to which he was not entitled or in amounts greater than that to which he was entitled.

[MIO 4-5] Although Defendant's proffered instruction only substantively differs from the State's given instruction in the separation of the second paragraph, Defendant argues that such separation was necessary to convey to the jury that the second paragraph represented a separate, distinct element. [MIO 5] The district court found that Defendant's tendered instruction was too complicated and declined to give it to the jury. [MIO 5]

{9} As we explained in our calendar notice, "[a]n appellate court reviews challenged jury instructions to determine whether they correctly state the law and are supported by the evidence introduced at trial." *State v. Soutar*, 2012-NMCA-024, ¶ 21, 272 P.3d 154 (internal quotation marks and citation omitted). Although Defendant's proffered instruction is not an inaccurate statement of the law, the given instruction is also not an inaccurate statement of the law and is supported by the evidence that was introduced at trial. *See id.* Additionally, although the given instruction did not set out the "purposeful" aspect of the statute *separately*, such

7

aspect was included in the given instruction, and we presume that the jury followed the instructions. *See State v. Percival*, 2017-NMCA-042, ¶ 25, 394 P.3d 979. Moreover, contrary to Defendant's implication [MIO 6], he was not denied an instruction on his theory of the case as the given instruction included the "purposeful" language.

{10} With regard to Defendant's contention that the "purposeful" language constituted a separate element of the crime, akin to the separate element noted in *State v. Traeger*, 2001-NMSC-022, ¶¶ 22, 26, 130 N.M. 618, 29 P.3d 518, we are unpersuaded. In *Traeger*, the separate elements consisted of the defendant's action and whether the instrument used was a deadly weapon. *Id.* ¶ 22. The present situation is not analogous. As Defendant has provided no authority to support his contention that the "purposeful" language constitutes a separate and distinct element, we assume no such authority exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "[w]e will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists"); *see also State v. Garcia*, 2016-NMSC-034, ¶ 26, 384 P.3d 1076 (arguing that the state was attempting to subsume one element of the crime within the "distinct elements" of misrepresentation and intent, even though the state must prove each element beyond a reasonable doubt, a jury may also "justifiably infer more than

one element of a crime from the same evidentiary basis"). We therefore conclude that the district court did not err in declining to give Defendant's proffered instruction.

**Issue C: Inconsistent Verdicts**

{11} Defendant also continues to argue that the verdicts on Counts 1 and 3 were inconsistent. Defendant has raised no evidence, facts, or authority that are not otherwise addressed by this Court's notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374. We therefore refer Defendant to our analysis in our notice of proposed disposition on this issue and conclude that the verdicts were not fatally inconsistent. [*See* CN 8-9]

**Issue D: Evidentiary Rulings**

{12} Finally, Defendant continues to argue that the district court's evidentiary rulings denied Defendant his right to a fair trial. [MIO 8–9] Specifically, Defendant argues

that the State failed to overcome the defense's objections to HSD records (applications) that purported to contain statements made by Defendant. [MIO 8] Defendant objected on hearsay and foundation grounds, and the State argued that the applications were kept as business records by HSD and that they contained the admission of a party opponent. [Id.] In response, Defendant argued that he is functionally illiterate and relied on his mother to fill out the forms and, as such, they neither contained the necessary reliability to be admitted under Rule 11-901(A) NMRA, nor were they admissible as admissions because they were statements of his mother. [Id.]

{13} Defendant states in his MIO that Ms. Gomez testified that she was the records custodian for the application forms, but could not testify about the creation of the documents. [Id.] Defendant has still not explained, however, what Ms. Gomez actually testified to with regard to the business record exception—for example, what Ms. Gomez actually stated with regard to identifying the applications and presumably contending that they are what the State claims them to be, or perhaps whether the application forms were signed by Defendant in her presence or signed at all or whether Defendant told Ms. Gomez that the applications were true and accurate, correct, and signed by him. *See* Rule 11-901(A). Indeed, all Defendant states is that Ms. Gomez "testified that she was the records custodian for the application forms."

10

[MIO 8] Likewise, Defendant has not provided this Court with any specificity as to any testimony and argument offered by the State regarding its argument that the application contained statements made by Defendant, particularly in response to Defendant's argument that the statements were not made by him because his mother purportedly filled out the forms. [*See* MIO 8–9] Instead, in his MIO, Defendant merely contends that the State claimed that the forms contained Defendant's statements and failed to establish that they were, in fact, made by him. [Id.]

**{14}** Because Defendant has still not provided this Court with *all facts material* to our consideration of the issues presented, *see* Rule 12-208(D)(3), we continue to presume correctness in the district court's rulings, particularly on an abuse of discretion standard. *See State v. Bregar*, 2017-NMCA-028, ¶ 28, 390 P.3d 212 ("[I]f an evidentiary issue is preserved by objection, we review the district court's decision to admit or exclude evidence for an abuse of discretion, which means the decision was clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted)); *Aragon*, 1999-NMCA-060, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24 (reiterating that "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"); *Mondragon*, 1988-NMCA-027, ¶ 10 (stating that a party responding to a summary

calendar notice must come forward and specifically point out errors of law and fact). We therefore conclude that the district court did not err in admitting the six exhibits.

**{15}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{16}** **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**HENRY M. BOHNHOFF, Judge**

12