**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-044**

**Filing Date:  March 17, 2009**

**Docket No. 27,078**

**STATE OF NEW MEXICO,**

> **Plaintiff-Appellee,**

**v.**

**GERARDO RAMOS LOPEZ,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF HIDALGO COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Joseph P. Walsh, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**SUTIN, Judge.**

**{1}**   Defendant Gerardo Ramos Lopez appeals his convictions of possession with intent to distribute marijuana (over 100 pounds) and conspiracy to commit possession with intent to distribute marijuana (over 100 pounds).  Border Patrol Agents observed Defendant driving a red Ford Mustang in apparent tandem with a maroon Nissan in which police ultimately found the drugs.  At trial, there was testimony by a narcotics agent that Defendant owned the Nissan.  The agent's testimony was based on her observations of a registration document in the glove box of the Nissan and a printout of a registration check through the National Law

Enforcement system. On appeal, Defendant argues that the testimony was inadmissible hearsay and also that the State failed to introduce the documents relied on by the agent. We conclude that the district court committed reversible error in admitting the testimony in the absence of the original documents or an explanation from the State justifying their unavailability. As a result, we reverse Defendant's convictions and remand for a new trial.

**{2}** We note that Defendant's single point on appeal is that the State established an essential element of the charges on which Defendant was convicted solely on this inadmissible evidence and, therefore, in its absence the convictions were not supported by sufficient evidence. The State argues that there was sufficient evidence to support the convictions even without the evidence Defendant attacks as being erroneously admitted. The manner in which the parties have phrased the issues on appeal, concentrating on sufficiency of the evidence to convict, have the tendency to lead the reader astray because the determinative issues are whether the court's admission of the evidence was erroneous and, if so, whether the error was harmless and therefore not reversible error.

**BACKGROUND**

**{3}** Hidalgo County in Southwest New Mexico, where Defendant was arrested, is a very remote and sparsely populated area close to the Mexico-United States border. The town of Hachita is about forty-five miles north of the Mexico-United States border port town of Antelope Wells. To disrupt drug smuggling, United States Border Patrol Agents in Hachita pay special attention to vehicles traveling to and from the border. The agents are familiar with the people who live in the area and are familiar with the vehicles they drive.

**{4}** At trial, law enforcement witnesses testified about a common method of drug smuggling activity by the use of vehicles to pick up drugs that have been carried across the border on foot. When drugs enter the United States, it is not uncommon for the pickup people to use two vehicles in the operation, driving together from a pickup area to a distribution center. This cooperative operation is known in law enforcement as using "tandem vehicles" and, as testified to in this case, involves one vehicle serving as a "load vehicle" while the other functions as a decoy or "heat vehicle." There are many different factors that law enforcement agents consider in arriving at a suspicion of a tandem-vehicle drug operation.

**{5}** On the morning of Defendant's arrest, agents observed a red or maroon Nissan followed by a red Mustang, traveling close together, both with Arizona license plates, and with one occupant in each car. The cars appeared to be traveling together, they were not familiar to the agents, and they headed south toward Antelope Wells. About two hours later, Agent Michael Leyba observed the same two cars traveling together northbound, close to Hachita. As Agent Leyba turned his patrol unit around, the Nissan, which was in front, immediately sped off at a high rate of speed, while the Mustang "calmly drove ahead at . . . normal highway speeds." Agent Leyba radioed the circumstances to another agent and stayed in radio contact with regard to the pursuit of the Nissan, while himself following the

Mustang. After following the Mustang for about fifteen minutes, Agent Leyba activated his emergency equipment and pulled over the Mustang.[1] Upon running a radio check, Agent Leyba learned that Defendant, who was driving the Mustang, was a resident alien with a prior criminal charge. Agent Leyba had Defendant follow him to a nearby Border Patrol station.

{6} Meanwhile, New Mexico State Police Officer George Lopez had spotted the Nissan traveling over 100 miles an hour. After a pursuit and a failed attempt by Officer Daniel Calderon to use a spike belt to stop the Nissan, Officer Lopez and Officer Calderon observed the Nissan parked with the driver door open in front of a truck stop near Lordsburg, New Mexico. The officers found large bundles of marijuana in the Nissan. The driver of the Nissan was Jesus Arredondo, who was arrested after being escorted by a truck driver toward Officer Lopez who had begun to look for the driver of the Nissan. Narcotics Agent Lisa Diaz arrived at the location of the Nissan and questioned Arredondo. Arredondo told Agent Diaz that the Nissan did not belong to him. In order to determine who owned the Nissan, Agent Diaz ran a registration check through Arizona and the National Law Enforcement System and also looked at the Arizona registration document inside the glove box in the Nissan. Agent Diaz drove the Nissan to the Border Patrol station, and Arredondo was apparently transported by another agent to the same location. Defendant and Arredondo were ultimately transported from the Border Patrol station to the State Police office.

{7} While Defendant was being transported from the State Police office to jail, he noticed the Nissan parked in front of the office and remarked that the Nissan did not belong to him. With the assistance of the agent who transported Defendant to the office, Defendant completed and signed a disclaimer of ownership form that requested name, social security number, birth date, driver's license, and address.

{8} During trial, Agent Diaz was permitted to testify, over objection, that a printout of the registration check received from dispatch and the registration she saw in the glove box of the Nissan indicated that Defendant was the owner of the Nissan. The agent testified that the biographical information on Defendant's disclaimer was the same as that included in the printout and the same as that on the registration in the glove box. The disclaimer was admitted into evidence, but neither the printout nor the registration documents were introduced in evidence during trial.

**DISCUSSION**

{9} We first address the State's claims that particular arguments made on appeal were not properly preserved below. We then discuss Defendant's arguments that Agent Diaz's testimony was erroneously admitted, followed by a discussion regarding the State's argument that, even without the challenged testimony, there was sufficient evidence to

---

[1] The sufficiency of cause for the stop is not an issue in this case.

3

support Defendant's convictions. Finally, because we reverse Defendant's convictions, we conduct a sufficiency-of-the-evidence analysis in order to determine whether the case should be retried or dismissed.

**Preliminary Preservation Issues**

{10}    Before we reach the merits of this case, we discuss two preliminary preservation issues. The first issue is whether an objection was made in the district court by defense counsel about the admission of testimony as to the contents of both the printout and the registration document found in the glove box of the Nissan. The State asserts that defense counsel only objected to Agent Diaz's testimony regarding the registration document in the Nissan and not the registration-check printout that she received from dispatch. We disagree. At trial, Agent Diaz testified that she established ownership of the Nissan based on "a registration from the State of Arizona inside the car and also a registration check through the State of Arizona, through the National Law Enforcement system [that] was ran [sic]." When the district court asked Agent Diaz who owned the car, defense counsel approached the bench and objected to the admission of the evidence by stating: "I would like some foundation on that. I haven't seen these documents that she's referring to." The court recessed for lunch after asking "We don't have these documents?" When the trial resumed, defense counsel approached and stated:

> Well, what I would ask is maybe if on the record, so that I don't have to interrupt [opposing counsel] while [the agent is] testifying, I'd like some objection with regard to the evidence on the registration and [Defendant's] name on the registration of the car, the Nissan and basically I'd object to the, basically, just because, it's double hearsay, it's hearsay one from the document and two from what was on the document. What she saw, you know, so I mean, based on hearsay, it was based on the fact that we don't have the documents[.]

The court allowed the State to ask Agent Diaz whose name was on the registration that she found in the glove box, and defense counsel once again objected "with regard to hearsay and double hearsay that the documents were not disclosed." We conclude that the issue was preserved for appeal as to both documents since the district court had the "opportunity to consider the merits of, or to rule intelligently on, the argument [the] defendant now puts before us." *State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986).

{11}    The second preservation issue relates to the specificity of defense counsel's objection as to which rule of evidence precluded the admission of the testimony about the contents of the documents. On appeal, Defendant argues in his brief in chief that admission of the testimony about the contents of the writings, without production of the actual documents, violated the best-evidence rule. *See* Rules 11-1002, 11-1004 NMRA. In its answer brief, the State does not object to Defendant's best-evidence rule argument on the ground the argument was not preserved. This Court nevertheless asked the parties to address this issue

4

in oral argument. While defense counsel's objection at trial was not as specific as it might have been, he did point out that the testimony concerned what was on the documents and that the documents were not disclosed or produced, and he did request foundation. We conclude that this objection was enough to alert the district court that an objection was being made to testimony that defense counsel believed required secondary evidence in violation of the best-evidence rule. *See Frost v. Markham*, 86 N.M. 261, 265, 522 P.2d 808, 812 (1974) (holding that an objection demanding production of a document, when no showing of unavailability of the document had been made, sufficiently informed the court that the objection was being made as to proof of content in violation of the best-evidence rule); *State v. Guthrie*, 2009-NMCA-___, ¶ 13, ___ N.M. ___, ___ P.3d ___ (No. 27,022, filed Jan. 26, 2009) (holding that the defendant preserved a due process argument despite the fact that his "argument could have been made more artfully"). We conclude that Defendant properly preserved his objection to evidence based on violation of the best-evidence rule.

**Erroneous Admission of Agent Diaz's Testimony About Ownership of the Nissan**

**{12}**     We review claimed error in the admission of evidence for abuse of discretion. *State v. Woodward*, 121 N.M. 1, 4, 908 P.2d 231, 234 (1995); *Leigh v. Vill. of Los Lunas*, 2005-NMCA-025, ¶ 19, 137 N.M. 119, 108 P.3d 525. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Woodward*, 121 N.M. at 4, 908 P.2d at 234 (internal quotation marks and citation omitted). "We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted).

**{13}**     While Defendant and the State extensively argue the admissibility of testimony under the hearsay rule as to the content of documents not introduced at trial, the main and determinative evidentiary issue in this case is not hearsay. Rather, it is the best-evidence rule. *See* Rules 11-1002, 11-1004. The best-evidence rule applies when the contents of a writing are at issue but the original document is not introduced into evidence. *See* Rule 11-004; *see also Sun Vineyards, Inc. v. Luna County Wine Dev. Corp.*, 107 N.M. 524, 528, 760 P.2d 1290, 1294 (1988) (stating that a document is the best evidence of its contents).

**{14}**     Pursuant to Rule 11-004, the State was required to either produce the original writings or explain why they were unavailable. *See* Rule 11-1004 (providing that the original is not required and other evidence of the contents of a writing is admissible if the original was lost or destroyed, not obtainable, in possession of opponent, or not closely related to a controlling issue); *Palatine Ins. Co. v. Santa Fe Mercantile Co.*, 13 N.M. 241, 253, 82 P. 363, 364 (1905) (holding that the evidence of the contents of a printed offer of reward for apprehension and conviction of the person who set a fire was inadmissible in the absence of any showing as to why the original offer was not produced); *Phillips v. State*, 597 P.2d 456, 462 (Wyo. 1979) (holding that error was committed in allowing a witness to testify as to the contents of a teletyped report of registration without introduction into evidence of the message itself). Here, the documents referred to by Agent Diaz were not introduced at

5

trial, and the State provided no explanation as to availability of the documents. Accordingly, based on the best-evidence rule, the district court erred in admitting the testimony of Agent Diaz with regard to these documents.

{15}    Defendant contends that without the erroneously admitted evidence, the remaining evidence was insufficient to convict Defendant. Defendant's approach is to argue that the case must be reversed because without Agent Diaz's testimony relating to ownership there was insufficient evidence to establish the essential elements of the crimes. We reject this approach as a basis for reversal of Defendant's convictions. Assuming that the evidence was erroneously admitted, the issue for reversal is whether the admission of the evidence of ownership was prejudicial because it likely contributed to the jury's verdict or, instead, was not prejudicial because it constituted harmless error. *See State v. Stampley*, 1999-NMSC-027, ¶ 38, 127 N.M. 426, 982 P.2d 477 (placing the burden on the complaining party to demonstrate that the erroneous admission or exclusion of evidence was prejudicial in order to obtain a reversal of the lower court's evidentiary ruling). Nevertheless, the State expends most of its answer brief resources responding to Defendant's sufficiency argument as though this were a substantial evidence case. As we indicate later in this opinion, we discuss the State's position on sufficiency, but treat it in essence as a harmless error argument. We note that nowhere in the State's brief does the State respond to Defendant's best-evidence rule argument. We further note that in addressing whether the agent's testimony was inadmissible hearsay, the State makes a limited argument that the testimony regarding the registration documents, if inadmissible, nevertheless "constituted harmless error because the evidence was cumulative," in that it "merely duplicated the evidence obtained from the National Law Enforcement system check" along with other evidence. Although not specifically argued in its answer brief, in oral argument the State took the position that if the testimony about the contents of the two documents was erroneously admitted, the admission was harmless because the remaining evidence of guilt was overwhelming.

**The State's Sufficiency-of-Evidence Response**

{16}    In its answer brief, the State argues that the tandem-vehicle evidence alone, without the testimony of Agent Diaz as to the ownership of the Nissan, sufficiently established that Defendant shared Arredondo's intent of smuggling the marijuana for distribution and that Defendant was in constructive possession of the drugs. The State further argues that Defendant manifested his intent by actively participating as a scout vehicle for Arredondo, which would support a conviction of possession under an accessory theory.

{17}    To support its position, the State relies heavily on a substantial evidence case in the Tenth Circuit, *United States v. Isaac-Sigala*, 448 F.3d 1206 (10th Cir. 2006), to show that evidence of tandem-vehicle activity can be sufficient to convict. *Isaac-Sigala* is not applicable because it is based entirely on whether substantial evidence supported the verdict and not on whether evidence was erroneously admitted resulting in reversible error. *Id.* at 1208. Furthermore, the evidence in *Isaac-Sigala* clearly established that the driver of the scout van knew the contents of the load van, the evidence had nothing to do with the

defendant as the owner of either vehicle, and the defendant conceded his connection with the load van. *Id.* at 1211, 1212. Despite the confusing approach taken by Defendant in his brief in chief by arguing sufficiency of the evidence, the State's approach is not useful and does not constitute a persuasive response to whether the district court in the present case committed reversible error. We do not fully discount the State's argument, however, because we construe it to assert that the error, if any, in admitting Agent Diaz's testimony was harmless because other evidence presented was sufficient to support findings that Defendant was in constructive possession of the drugs as an accessory and that Defendant conspired to possess the drugs.

**{18}** "For an error to be deemed harmless, there must be: (1) substantial evidence to support the conviction without reference to the improperly admitted evidence, (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear so minuscule that it could not have contributed to the conviction, and (3) no substantial conflicting evidence to discredit the State's testimony." *State v. Duffy*, 1998-NMSC-014, ¶ 38, 126 N.M. 132, 967 P.2d 807 (internal quotation marks and citation omitted).

**{19}** Defendant was convicted of possession with intent to distribute marijuana (over 100 pounds) and conspiracy to distribute marijuana (over 100 pounds). To obtain a conviction for possession of marijuana, the State had to establish beyond a reasonable doubt that: (1) Defendant had marijuana in his possession, (2) Defendant knew it was marijuana, (3) Defendant intended to transfer the marijuana to another, and (4) this happened in New Mexico on or about September 30, 2004. UJI 14-3104 NMRA. Proof of possession of illegal drugs may be established by circumstantial as well as direct evidence. *State v. Barber*, 2004-NMSC-019, ¶ 27, 135 N.M. 621, 92 P.3d 633. Possession may be actual or constructive. *State v. Brietag*, 108 N.M. 368, 370, 772 P.2d 898, 900 (Ct. App. 1989).

**{20}** There were no drugs found in the Mustang that Defendant was driving. However, as indicated by the State, the jury may have convicted him for possession under a constructive-possession theory or accessory liability. To be convicted of constructive possession, exercise of control over the drugs is an essential element because neither a person's presence in the vicinity of nor knowledge of the existence or location of the drugs is, by itself, possession. The district court gave the jury a constructive-possession jury instruction that states:

> A person is in possession of Marijuana when he knows it is on his person or in his presence, and he exercises control over it.
>
> Even if the substance is not in his physical presence, he is in possession if he knows where it is, and he exercises control over it.
>
> Two or more people can have possession of a substance at the same time.

7

A person's presence in the vicinity of the substance or his knowledge of the existence or the location of the substance, is not, by itself, possession.

UJI 14-3130 NMRA.

{21}    Ownership was a very important consideration at trial. The district court specifically asked Agent Diaz, "And who was the owner of that car?" The State relied on the testimony about ownership of the Nissan to show that Defendant had control over the marijuana. During closing argument and precisely in the context of control over the marijuana, the prosecutor told the jury that "[W]hat we have presented to you today is full proof that here is a defendant before us today who is in possession in that he has exercised control . . . . The automobile [is] in his name . . . . So, [he is] in physical control." The prosecutor also used the ownership evidence to argue that Defendant's written disclaimer of ownership was not credible. In describing the activity of Arredondo and Defendant, the prosecutor referred to "Arredondo, driving a car, registered to [Defendant]," and then, a few moments later, in reference to "all of the evidence in this particular case," the prosecutor singled out "the way it happened, . . . the methods of travel, . . . the jointness of it, Mr. Arredondo driving a car, registered to [Defendant]." In rebuttal argument, the prosecutor referred to "that registration document." It is apparent, therefore, that the State relied on the testimony pertaining to the ownership of the Nissan in order to establish control, an essential element of the crime under a constructive-possession theory.

{22}    The jury was also instructed under a theory of aiding or abetting/accessory to crime liability and conspiracy to possess marijuana. For a possession with intent to distribute conviction under an aiding or abetting theory, the State had to establish that: (1) Defendant intended that the crime be committed, and (2) the crime was committed. UJI 14-2822 NMRA. "[A]n accessory must share the criminal intent of the principal[, which] can be inferred from behavior which encourages the act or which informs the confederates that the person approves of the crime after the crime has been committed." *State v. Carrasco*, 1997-NMSC-047, ¶ 7, 124 N.M. 64, 946 P.2d 1075 (citation omitted); *State v. Brenn*, 2005-NMCA-121, ¶ 24, 138 N.M. 451, 121 P.3d 1050 ("Intent is usually established by circumstantial evidence."). Our statute defines conspiracy as "knowingly combining with another for the purpose of committing a felony." NMSA 1978, § 30-28-2(A) (1979). To obtain a conviction of conspiracy, the State had to establish beyond a reasonable doubt that: (1) Defendant and another person by words or acts agreed together to commit possession of marijuana with intent to distribute, and (2) Defendant and the other person intended to commit possession of marijuana with intent to distribute. UJI 14-2810 NMRA. "[C]ircumstantial evidence can be used to prove a conspiracy." *State v. Hernandez*, 104 N.M. 268, 277-78, 720 P.2d 303, 312-13 (Ct. App. 1986).

{23}    In addition to the prosecutor's arguments set out earlier in this opinion, the prosecutor described the joint plan as "going down to the isolated area, . . . operating in tandem, operating . . . [a] decoy car to deflect focus of the law enforcement officers on the load car." The prosecutor goes on to state that "it's early in the morning before the Border

8

Patrol station opens. . . . There's two cars going down there. . . . [O]ne of the drivers, Arredondo, driving a car, registered to this [D]efendant." To further the joint-plan argument, the prosecutor described how "the one car really jumps and runs when . . . Agent Leyba . . . makes [a] U turn [to] get[] behind them," and Defendant continues slowly in the Mustang doing just "what he's supposed to do," that is distract law enforcement while the Nissan speeds away. The prosecutor argued that the circumstances showed intent and that Defendant helped and encouraged the commission of the crime and that Defendant conspired with Arredondo to "work together and they by their actions . . . showed that there was an agreement to commit this possession of marijuana with intent to distribute." The State claimed that Defendant manifested his intent by actively participating as a scout vehicle for Arredondo which would support a conviction of possession under an accessory theory. On appeal, the State also argues that the concerted action of the two drivers supports Defendant's conspiracy conviction.

**{24}** Without the testimony pertaining to the ownership of the Nissan, the only evidence remaining was the tandem-vehicle activity testimony. However, that evidence alone in this case paled in the face of evidence of the connection to the crime provided by the registration document in the Nissan and the registration-check printout. *See United States v. McMahon*, 562 F.2d 1192, 1195-96 (10th Cir. 1977) (holding evidence of "lead car-load car" modus operandi was insufficient to support smuggling of aliens and conspiracy convictions when the defendant's vehicle was in the vicinity of load vehicle, the vehicles had been on a road that avoided the checkpoint, the vehicles were equipped with CB radios, the drivers were brothers-in-law, and the defendant's vehicle had turned around and was traveling south on I-25 after the load vehicle was detained, because no incriminating contact with the smugglers was shown and the circumstantial evidence created mere suspicion or insinuation of guilt, which was not enough for a conviction).

**{25}** We conclude that the testimony of Agent Diaz with regard to the registration documents was erroneously admitted, and it was significant, if not compelling, evidence of Defendant's connection to the crime; whereas the tandem-vehicle evidence alone was barely, if at all, sufficient to support Defendant's convictions. Therefore, under the *Duffy* harmless-error analysis, we hold that the tandem-vehicle evidence was not of such a disproportionate volume as to render the inadmissible evidence "so minuscule that it could not have contributed to the conviction[s]." *Duffy*, 1998-NMSC-014, ¶ 38 (internal quotation marks and citation omitted). Therefore, we reject the State's sufficiency-of-evidence and apparent harmless-error arguments.

**{26}** Establishing the ownership of the Nissan was necessary in this case to support Defendant's convictions of possession under either a constructive-possession or an accessory-liability theory and to establish conspiracy to possess. We hold that the admission of the testimony of Agent Diaz with regard to the registration documents, without submission of the supporting documents or an explanation regarding unavailability of those documents, constituted reversible error. We reverse Defendant's convictions for possession with intent to distribute and conspiracy to possess with intent to distribute.

**Retrial or Dismissal**

{27}    Defendant requests that we reverse his convictions and dismiss the case against him with prejudice or, in the alternative, grant him a new trial.  When determining whether a case should result in dismissal or retrial, we must determine whether the evidence was sufficient to support the convictions and in doing so, we consider all the evidence, including evidence that was improperly admitted. *State v. Post*, 109 N.M. 177, 181, 783 P.2d 487, 491 (Ct. App. 1989).  As previously discussed, ownership of the Nissan could provide a sufficient link between Defendant and the drugs and could establish the elements necessary for Defendant's convictions of possession with intent to distribute and conspiracy.  When evidence of ownership of the Nissan that was improperly admitted is considered, it is apparent that there was sufficient evidence to connect Defendant to the Nissan, in which the drugs were being transported, and therefore sufficient evidence to support convictions for possession of marijuana with intent to distribute and conspiracy to possess with intent to distribute.  We conclude that retrial is the appropriate remedy.

**CONCLUSION**

{28}    We reverse Defendant's convictions for possession with intent to distribute and conspiracy to possess with intent to distribute and remand for a new trial.

{29}    **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**

Topic Index for *State v. Lopez*, No. 27,078

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-FE | Fundamental Error |
| AE-PA | Preservation of Issues for Appeal |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-CL | Controlled Substances |

| | |
|---|---|
| **EV** | **EVIDENCE** |
| EV-AE | Admissibility of Evidence |
| EV-DO | Documentary Evidence |
| EV-HR | Hearsay Evidence |
| EV-SS | Substantial or Sufficient Evidence |