This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                  NO. A-1-CA-34794

**ADAM MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**H.R. Quintero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1}     Defendant Adam Martinez appeals the following convictions: receiving or transferring a stolen motor vehicle, pursuant to NMSA 1978, Section 30-16D-4(A) (2009); resisting, evading or obstructing an officer, pursuant to NMSA 1978, Section 30-22-1(B) (1981); and possession of drug paraphernalia, pursuant to NMSA 1978, Section 30-31-25.1(A) (2001). Seeking a new trial, Defendant raises four evidentiary issues on appeal: (1) the district court erred by allowing lay (as opposed to requiring expert) testimony regarding a spoon found in Defendant's possession and its connection to drug use; (2) there was insufficient evidence to support a finding that the spoon was drug paraphernalia; (3) the district court erred by improperly admitting a stolen vehicle report and supporting testimony in violation of the best evidence rule; and (4) the district court erred by allowing an officer's police report and supporting testimony to be placed before the jury after late disclosure of the document. We reject Defendant's claims and affirm.

{2}     Because this is a memorandum opinion and the parties are familiar with the facts, we will not restate them here. Additional facts will be provided as necessary. We begin with the first two of Defendant's arguments.

**The District Court Did Not Err by Allowing Lay Testimony Concerning the Use of a Spoon and Its Connection to Drug Use, and the Evidence was Sufficient to Find That the Spoon Was Drug Paraphernalia for Defendant's Possession Charge**

{3} Count 4 of the criminal information charged Defendant with possession of drug paraphernalia, specifically "one spoon [with] white burnt residue . . . to ingest, inhale or otherwise introduce into the human body, a controlled substance[.]" Defendant asserts that lay witness testimony identifying the methamphetamine found on Defendant's person was insufficient to establish that it was a controlled substance. Specifically, Defendant argues that the police officer's lay testimony was insufficient to establish the nature of the substance found on Defendant's person and that the white powdery substance found on the spoon could only be established as methamphetamine through competent expert testimony, pursuant to Rule 11-702 NMRA. The district court, Defendant contends, abused its discretion in admitting the officer's testimony to provide a nexus between the spoon and its use as an instrumentality for the "ingestion of narcotics" under Rule 11-702. According to Defendant, the jury could not properly determine that the "white residue substance" found on the spoon in Defendant's possession rendered the spoon drug paraphernalia. Relying in part on his argument that the State failed to properly show that the substance on the spoon was a controlled substance, Defendant also generally challenges the sufficiency of the evidence to support his conviction for possession of drug paraphernalia. Although Defendant presents these arguments as two separate issues, Defendant's first issue is

subsumed by the general challenge to the sufficiency of the evidence. Hence, we address them together.

{4}     "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted). In reviewing the sufficiency of the evidence, we must determine whether substantial evidence, either direct or circumstantial, exists to support a verdict of guilty beyond a reasonable doubt for every essential element of the crime at issue. *See id.* ¶ 19. The evidence is reviewed in the light most favorable to the verdict, resolving all conflicts and indulging all permissible inferences to uphold the conviction and disregarding all evidence and inferences to the contrary, to ensure that a rational jury could have found each element of the crime established beyond a reasonable doubt. *See id.*

{5}     Our case law is clear that "expert testimony is not required to identify illegal drugs." *State v. Gerald B.*, 2006-NMCA-022, ¶ 23, 139 N.M. 113, 129 P.3d 149. Such opinion testimony is admissible, and "the qualifications of the witness go to weight and not admissibility." *State v. Rubio*, 1990-NMCA-090, ¶ 5, 110 N.M. 605, 798 P.2d 206.

**{6}** Here, the officer's law enforcement experience and training qualified him to offer his lay opinion regarding the identity of the substance discovered on the spoon. *See id.* ¶ 8 ("The identity of a controlled substance may further be established by persons having lay experience with the drug through prior use, trading, or law enforcement."); *see also State v. Gadbury*, No. A-1-CA-34857, mem. op. ¶ 23 (N.M. Ct. App. Apr. 11, 2018) (non-precedential) (same). Officer Quintana's testimony concerning his experience in dealing with items commonly used as drug paraphernalia, including spoons, used to assist in liquefying and ingesting narcotics, was therefore properly admitted as lay opinion. *See State v. Dobbs*, 1983-NMCA-033, ¶ 35, 100 N.M. 60, 665 P.2d 1151 (explaining that lay opinion as to the identification of a substance and "qualifications of the witness [go] to the weight and not the admissibility"), *rev'd on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Thus, we conclude that the district court did not abuse its discretion in admitting the officer's testimony regarding the significance of the spoon and its common use as drug paraphernalia for the jury's consideration.

**{7}** Other properly admitted evidence, in addition to the spoon and the officer's testimony, sufficiently supports Defendant's conviction for possession of drug paraphernalia. During a pat-down of Defendant, officers found him in possession of two small bags containing a "white crystalline substance." Officer Quintana also

testified that he found a black case containing Defendant's email address, two baggies of pills and a small container of razors where Defendant crashed the motorcycle after being chased by police. We also note that the jury was properly instructed as to the requisite elements necessary for possession of drug paraphernalia. *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). We conclude that the jury reasonably determined that the spoon was drug paraphernalia and that the spoon, in combination with other properly admitted evidence, was sufficient to support Defendant's conviction for possession of drug paraphernalia. *See Rojo*, 1999-NMSC-001, ¶ 23 ("Just because the evidence supporting the conviction was circumstantial does not mean it was not substantial evidence." (internal quotation marks and citation omitted)).

**The District Court Erred by Admitting a Stolen Vehicle Affidavit to Prove Ownership of the Stolen Dirt Bike That Defendant Was Convicted of Possessing, However the Error Was Harmless.**

{8}     Defendant claims that the district court abused its discretion in admitting a stolen vehicle affidavit in violation of Rule 11-1002 NMRA, known as the "best evidence rule," asserting that the affidavit was not the best evidence of the ownership of the stolen dirt bike.

**{9}** "We review claimed error in the admission of evidence for abuse of discretion." *State v. Lopez*, 2009-NMCA-044, ¶ 12, 146 N.M. 98, 206 P.3d 1003. "[A district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Vigil*, 2014-NMCA-096, ¶ 20, 336 P.3d 380. No abuse of discretion is found unless the court finds it clearly untenable or not justified by reason. *Lopez*, 2009-NMCA-044, ¶ 12.

**{10}** At trial, Defendant objected to the admission of the affidavit and supporting testimony under Rule 11-802 NMRA—the rule prohibiting the admission of hearsay—and Rule 11-1002—the "best evidence rule," generally requiring the original of a writing to prove its contents. Having then considered Defendant's arguments and in overruling his objection, the district court applied Rule 11-803(14) NMRA, "[r]ecords of documents that affect an interest in property."[1] The district court stated: "I think your objection is covered by Rule 11-803. [Section 14] is an exception to the hearsay rule, 'Record[s] of documents that affect an interest in property.' Objection is overruled."

**{11}** Defendant claims that the district court erred by applying the exception in Rule 11-803(14), "[r]ecords of documents that affect an interest in property[,]" rather than

---

[1]The record reflects that the district court was incorrectly making reference to Rule 11-803(13), but cited Rule 11-803(14), "[r]ecords of documents that affect an interest in property."

7

the "best evidence rule." Rule 11-1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise." The document that the officer referred to during his testimony, the certificate of title, was not introduced at trial. Rather, the testifying officer stated that he filled out the stolen vehicle affidavit by copying onto the affidavit information from the certificate of title, including the VIN, license plate number, and state and year of registration. The affidavit was admitted into evidence over Defendant's objection.

**{12}** We conclude that the district court's ruling violated the "best evidence rule" as the certificate of title, not the affidavit, was required to prove its contents, but that the error was harmless. *See State v. Hanson*, 2015-NMCA-057, ¶¶ 4-6, 16, 348 P.3d 1070 (holding that admission of transcribed transcripts of text messages violated the best evidence rule). Rule 11-1004(A) NMRA provides an exception to the "best evidence rule" such that the original writing would not be required. It allows introduction of a writing that is not the original when "all the originals are lost or destroyed, and not by the proponent acting in bad faith[.]" *Id.* In order to invoke the exception, the proponent of the evidence must "establish that (1) the originals were lost or destroyed, and (2) their loss or destruction was not the result of bad faith" by a preponderance of the evidence. *Hanson*, 2015-NMCA-057, ¶¶ 10, 12. Because the State failed to

8

meet its burden of proof required to invoke the exception to the original title, we conclude that the affidavit was erroneously admitted. We now review the admission of the affidavit for prejudice or harmless error, and hold the error is harmless, and therefore, not reversible. *See Lopez*, 2009-NMCA-044, ¶ 15 (stating whether admission of evidence of ownership was prejudicial as contributing to jury verdict or non-prejudicial harmless error).

**{13}** Evidentiary error that does not implicate confrontation rights is reviewed for non-constitutional harmless error. *See State v. Serna*, 2013-NMSC-033, ¶ 22, 305 P.3d 936. "[N]on-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (internal quotation marks and citation omitted). In order to find Defendant guilty of possession of a stolen vehicle, the State had to prove beyond a reasonable doubt that (1) Defendant possessed the dirt bike, (2) the dirt bike was stolen or unlawfully taken, and (3) Defendant knew or had reason to know that the dirt bike was stolen or unlawfully taken.

**{14}** The owner of the dirt bike testified that it was unlawfully taken; the owner identified the dirt bike as his after it was recovered from being impounded; he identified the dirt bike based on the distinctive decals he placed on the dirt bike; and he was absolutely certain that the recovered dirt bike was his, responding when asked

whether the dirt bike was the one that belonged to him, "Yes, sir. I'm positive." Further, there was no "substantial conflicting evidence to discredit the [s]tate's testimony." *Lopez*, 2009-NMCA-044, ¶ 18; *see id.* (explaining that unrebutted competent substantial evidence makes improper evidence appear minuscule). We therefore conclude that the erroneously admitted affidavit constituted harmless error as Defendant has failed to show there is a reasonable probability that the erroneously admitted affidavit affected the jury's determination that the dirt bike belonged to the owner, who positively identified it as his in several definitive ways.

**The District Court Did Not Abuse Its Discretion by Allowing an Officer to Testify About the Police Report He Prepared Based on the Alleged Untimeliness of the Disclosure of the Police Report**

{15}    Defendant contends that Officer Carrillo should not have been permitted to testify because his police report was not disclosed to Defendant until the morning of trial. "We review a district court's ruling on late discovery for abuse of discretion." *State v. Duarte*, 2007-NMCA-012, ¶ 14, 140 N.M. 930, 149 P.3d 1027.

> In considering whether late disclosure of evidence requires reversal, a reviewing court will consider the following factors: (1) whether the [s]tate breached some duty or intentionally deprived the defendant of evidence; (2) whether the improperly non-disclosed evidence was material; (3) whether the non-disclosure of the evidence prejudiced the defendant; and (4) whether the [district] court cured the failure to timely disclose the evidence.

*Id.* ¶ 15 (internal quotation marks and citation omitted).

{16} Based on these factors, we consider the following: (1) Defendant makes no assertion that the State breached a duty or acted in bad faith; (2) the district court ordered the State to make Officer Carrillo available for an interview prior to calling him as a witness; and (3) Officer Carrillo's testimony was similar to that of Officer Quintana, whose testimony was timely disclosed to Defendant.

{17} Based on the foregoing, we weigh the first factor against Defendant. With respect to the second factor, materiality, we must determine whether "there is a reasonable probability that, had the evidence been disclosed to the defense [sooner], the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). Defendant has not explained how the outcome would have been different, especially in light of the fact that Officer Carrillo testified similarly to Officer Quintana, making his testimony cumulative evidence. *See Case v. Hatch*, 2008-NMSC-024, ¶ 54, 144 N.M. 20, 183 P.3d 905 (explaining that "cumulative evidence is not considered material"). The third factor, prejudice, requires that we consider whether the defense's case would have been improved by an earlier disclosure or how the defense would have prepared differently for trial. Defendant has failed to explain how his preparation was hampered or how his case would have been improved, but for the late disclosure. We are unpersuaded by Defendant's arguments regarding this consideration. Because Officer Carrillo's testimony appears to have

11

been cumulative, as we pointed out above, we perceive no prejudice. Finally, we weigh the last factor against Defendant because the district court ordered that the defense be permitted to interview Officer Carrillo prior to his testimony. We therefore conclude that the district court did not abuse its discretion in allowing Officer Carrillo to testify.

**CONCLUSION**

{18}    For the foregoing reasons, we affirm Defendant's convictions.

{19}    **IT IS SO ORDERED**.


_____
**STEPHEN G. FRENCH, Judge**


**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**JULIE J. VARGAS, Judge**