This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                                                          **No. A-1-CA-37484**

**JOSEPH DONALDSON,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

William G. Stripp
Ramah, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**    Defendant Joseph Donaldson appeals his conviction, following a jury trial, of possession of marijuana with intent to distribute, contrary to NMSA 1978, Section 30-31-22(A)(1) (2011).[1] Defendant contends that there was insufficient evidence to prove that he was in possession or control of the marijuana; therefore, there was insufficient evidence to support his conviction for possession with intent to distribute. We agree and reverse.

---

[1] Defendant was also convicted of possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A) (2001). Because Defendant did not provide any argument as to this conviction, we do not address it further.

## BACKGROUND

**{2}**     In February 2017, Agent Jess Watkins and other Gallup police officers arrived at Defendant's home with a search warrant authorizing a search of Defendant's home and truck. Defendant, present at the home with an adult female and two children, answered the door and, after inspecting the warrant, let the officers in the home. Defendant's ex-wife, Theresa Donaldson, who was also named in the warrant, was not present. In their search, officers found three small bags of marijuana and a small postal scale in a kitchen cabinet, a gallon-sized bag of marijuana inside a shopping bag located on a shelf in a downstairs closet, two glass jars of marijuana inside a cabinet in the garage, a small bag of marijuana inside a shopping bag on top of a cabinet in the garage, and three gallon-sized bags of marijuana inside a shopping bag in a false ceiling panel in the garage. The officers also found four small bags of marijuana in the console of the truck, which was parked near the home.

**{3}**     The marijuana seized from the home and truck weighed approximately four pounds. As a result of what was found in the search, Defendant was arrested and charged with possession of marijuana with the intent to distribute, contrary to Section 30-31-22(A)(1), and possession of drug paraphernalia, contrary to Section 30-31-25.1(A).

**{4}**     At trial, Agent Watkins testified that Defendant did not have any marijuana in his pockets or otherwise on his person at the time of the search and that no drugs were found in the home's bedrooms. Agent Watkins testified that the search did not uncover any device that could be used to inhale, ingest, or otherwise use marijuana and that the packaging of the marijuana and the scales suggested to him that the marijuana was intended for purchasing, distribution, and sale. He further testified that much of the marijuana appeared stale. Agent Watkins testified that he had seen Defendant's ex-wife previously at the home and also in the truck in which officers found marijuana.

**{5}**     At the close of the State's case, Defendant moved for a directed verdict contending that the State failed to prove that Defendant possessed or had control of the marijuana. The court denied the motion, noting that the State had made a "prima facie" case "creat[ing] a quintessential jury question."

**{6}**     In its closing remarks, the State relied on the following evidence that it argued proved Defendant possessed the marijuana: Defendant was present at the home, the marijuana was found "all over" the home, and the marijuana had a peculiar odor. Therefore, the State concluded Defendant had to have known it was there. The State urged the jury to find Defendant possessed the marijuana because "a man's home is his castle and [so is] everything in it." The jury found Defendant guilty of both counts.

## DISCUSSION

**{7}**     Relying on *State v. Brietag*, 1989-NMCA-019, 108 N.M. 368, 772 P.2d 898, and *State v. Herrera*, 1977-NMCA-028, 90 N.M. 306, 563 P.2d 100, Defendant argues that

his presence in the vicinity of marijuana, without more, is insufficient to prove that he knew that the marijuana was there or that he exercised control over it. In response, the State contends that there was sufficient circumstantial evidence from which a reasonable jury could have inferred that Defendant knew of the marijuana and excised control over it.

**{8}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). We are required to "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

**{9}** To establish that Defendant engaged in distribution prohibited by Section 30-31-22(A)(1), the State was required to prove beyond a reasonable doubt that Defendant had marijuana in his possession, knew that it was marijuana, intended to transfer it to another, and this happened on the date and place specified. *See* UJI 14-3104 NMRA (providing jury instruction for possession with intent to distribute a controlled substance); *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). In evaluating whether substantial evidence supports the verdict of guilt beyond a reasonable doubt in this regard, we have previously recognized that

> [p]roof of possession of illegal drugs may be established by circumstantial as well as direct evidence. Possession may be actual or constructive. Constructive possession exists when a defendant has knowledge of and control over the drugs. Such constructive possession need not be exclusive. Constructive possession of sufficient quantities will sustain a conviction of possession with intent to distribute.

*State v. Chandler*, 1995-NMCA-033, ¶ 10, 119 N.M. 727, 895 P.2d 249 (citations omitted).

**{10}** Because Defendant was not in physical possession of the marijuana at the time it was discovered, the State relied on a theory of constructive possession at trial. *See State v. Lopez*, 2009-NMCA-044, ¶ 19, 146 N.M. 98, 206 P.3d 1003 (stating that possession of illegal drugs can be either actual or constructive); *see also State v. Howl*, 2016-NMCA-084, ¶ 31, 381 P.3d 684 ("Constructive possession is sufficient to support a conviction."). "Constructive possession exists when the accused has knowledge of drugs or paraphernalia and exercises control over them." *State v. Phillips*, 2000-NMCA-

028, ¶ 8, 128 N.M. 777, 999 P.2d 421. "When the accused does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession." *Id.* Additional circumstances or incriminating statements or conduct on the part of the accused are then necessary to show constructive possession in the absence of exclusive control. *Id.*; *Brietag*, 1989-NMCA-019, ¶ 12.

**{11}** We believe this Court's decision in *Brietag*, 1989-NMCA-019, articulates what inferences of knowledge and control are reasonable in the case at bar. We also believe our decisions in *Herrera*, 1977-NMCA-028, and *State v. Maes*, 2007-NMCA-089, 142 N.M. 276, 164 P.3d 975, are instructive of the evidence necessary to support an inference of constructive possession. We begin by discussing each decision in turn and then address the sufficiency of the evidence.

**{12}** In *Brietag*, the defendant was charged with possession of drugs with the intent to distribute and other charges after a search warrant was executed at a residence rented to him. 1989-NMCA-019, ¶¶ 1-2. Officers could not identify who actually lived at the home, but observed the defendant coming and going. *Id.* ¶ 3. When police executed a search warrant on the home, seven or eight individuals were staying there; however, the defendant was not present. *Id.* ¶¶ 3, 8. In the search, officers found a substantial amount of evidence, including methamphetamine, marijuana, and cocaine in one of the bedrooms that also contained a number of the defendant's personal possessions, including items with the defendant's name on them and photographs of the defendant with family. *Id.* ¶¶ 4, 6. However, the bedroom also contained personal possessions of several other people and additional evidence indicated that the house was being used as a "crash pad." *Id.* ¶¶ 4-7, 16. There was also evidence that the defendant had been living in another location for approximately one month before the search. *Id.* ¶ 8. We held that this evidence was insufficient to establish "a rational connection between the location of the drugs and [the d]efendant's knowledge and control sufficient to prove constructive possession beyond a reasonable doubt." *Id.* ¶ 16. We noted that "[t]he inference of knowledge and control of drugs, based on proximity to personal belongings, arises from the extent of control the owner or lessee exercises over the area where drugs are found." *Id.* ¶ 17. We concluded that "the state [failed to] establish[] a rational connection between the location of the drugs and [the] defendant's knowledge and control[.]" *Id.* ¶ 16.

**{13}** In *Herrera*, officers searched the defendant's house and curtilage for heroin, pursuant to a search warrant. 1977-NMCA-028, ¶ 3. The officers found a vial containing heroin underneath a boat trailer in a "freshly dug earth spot." *Id.* (internal quotation marks omitted). Additionally, numerous unused "tinfoils" in the size usually used to wrap heroin "caps" were found. *Id.* ¶ 6. Because the defendant's wife lived with him, the defendant was not in exclusive possession of the premises. *Id.* ¶ 5. Therefore, to allow for an inference of constructive possession, we noted that the evidence must show "incriminating statements or circumstances tending to support the inference." *Id.* On the way to the police station after their arrest, the defendant's wife stated, "You got everything that we had, that's all that we had." *Id.* ¶ 6. In response, the defendant told

his wife to keep her mouth shut. *Id.* We concluded that this evidence supported an inference that he constructively possessed the heroin. *Id.*

**{14}**   In *Maes*, the defendant was present when a search warrant was executed at the home. 2007-NMCA-089, ¶ 4. During the search, two bottle caps were seized from a bedroom that had "trace amounts of a white granular residue inside[,]" which tested positive for methamphetamine. *Id.* ¶ 5. The bottle caps were found in an Alka-Seltzer box and a shoe box. *Id.* A corner portion of a plastic baggie containing traces of white powder was also seized, and an officer "testified that methamphetamine and cocaine were often packaged in the corner of a plastic baggie." *Id.* Two pieces of mail addressed to the defendant were seized, but neither was addressed to the home where the search was conducted. *Id.* ¶ 6. Although women's clothing was hanging in the closet of the bedroom containing the bottle caps and plastic baggie, the defendant denied living at the house. *Id.* ¶¶ 7, 8. This Court determined that the methamphetamine was present in trace amounts and concealed from view in a private area of the home. *Id.* ¶ 17. Additionally, the dried water-methamphetamine residue suggested that the drugs were mixed into the solution and used sometime in the past. *Id.* This Court concluded that the "evidence was insufficient under *Brietag* to support inferences of knowledge and control to the level of confidence required by proof beyond a reasonable doubt." *Id.* ¶ 19.

**{15}**   We view our decisions in *Brietag*, *Herrera*, and *Maes* to support reversal in this case. Here, Defendant did not have exclusive control over the areas in which drugs were found because there was another adult present when the search warrant was executed and because there was evidence that Defendant's ex-wife had access to both the home and the truck. *See Maes*, 2007-NMCA-089, ¶ 14 (concluding the defendant did not have exclusive control of a house when, among other factors, the officers found women's clothing in the bedroom but could not say it was the defendant's clothing); *Brietag*, 1989-NMCA-019, ¶ 12 (reaching the same conclusion when the defendant was absent from the home during the seizure of the contraband and the residence being open and used by numerous individuals). Because Defendant was not in exclusive possession, the State needed to present additional evidence to support an inference of constructive possession. *Phillips*, 2000-NMCA-028, ¶ 8; *Brietag*, 1989-NMCA-019, ¶ 12; *see, e.g.*, *Herrera*, 1977-NMCA-028, ¶ 6 (finding sufficient evidence of constructive possession following statements by the defendant's wife). Such additional evidence is entirely absent from this case.

**{16}**   The State, both at trial and on appeal, relied on Defendant's ownership of the home and truck as evidence to support the inference of constructive possession. In closing, the State argued Defendant constructively possessed the marijuana because "a man's home is his castle and [so is] everything in it." The State takes a similar position on appeal, arguing that Defendant's constructive possession is supported by "the reasonable inference that [Defendant] owned the residence" which is sufficient to infer that Defendant "knew about and controlled the significant amounts of marijuana and paraphernalia discovered in various areas of his own home."

**{17}** The State's arguments are a further expansion of arguments we rejected in *Maes*. In that case, the state argued that "a person left in charge of a house to which other persons have access is in constructive possession of every item that is present on the premises." *Maes*, 2007-NMCA-089, ¶ 20. We cautioned that such an expansive view of constructive possession would "stretch the concept of possession beyond the breaking point." *Id*. Therefore, we expressly disapproved of closing arguments that assert the "[d]efendant necessarily controlled every item in the house of which she had knowledge[,]" which is an erroneous statement of the law of constructive possession. *Id*. ¶ 21. Like the argument in *Maes*, the State's argument in this case ignores our well-established case law on constructive possession, which required the State to prove more than Defendant's ongoing connection or ownership of the home and truck where the marijuana was found. *See id.* ¶ 16.

**{18}** Here, the State has proven nothing more than Defendant's connection to or ownership of the premises. Although one of the agents remarked on the odor emanating from the bag containing the seized marijuana when he opened it at trial, none of the witnesses testified that the odor of marijuana was noticeable in Defendant's home or the truck at the time the search warrant was executed. On the contrary, there was testimony suggesting much of the seized marijuana was stale. Furthermore, none of the seized marijuana was found out in the open in the common areas of the home, which, when combined with Defendant's presence, could have suggested an inference of constructive possession. *See id.* ¶ 17. Rather, the marijuana was concealed in a kitchen cabinet, in a shopping bag on a shelf in the downstairs closet, in jars inside a cabinet in the garage, in a shopping bag on top of a cabinet in the garage, and inside a shopping bag in a false ceiling panel in the garage. Additionally, no evidence was presented that indicated Defendant made any incriminating statements in this case. *See Herrera*, 1977-NMCA-029, ¶ 6 (finding sufficient evidence of constructive possession after the defendant's wife made statements that the police had located all of their drugs). Therefore, we conclude there was insufficient evidence as a matter of law for the fact-finder to conclude that Defendant constructively possessed the marijuana. *See State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (stating "we make a legal determination of whether the evidence viewed [with deference to the fact-finder's resolution of factual conflicts and inferences] could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt" (internal quotation marks and citation omitted)).

**{19}** Accordingly, we hold there is insufficient evidence to sustain Defendant's conviction for possession of marijuana with intent to distribute.

**CONCLUSION**

**{20}** We reverse Defendant's conviction for possession of marijuana with intent to distribute, contrary to Section 30-31-22(A)(1), and remand with instructions to dismiss the charge.

**{21}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JACQUELINE R. MEDINA, Judge**