This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42603**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ERNESTINE GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
John P. Sugg, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals her convictions for possession of fentanyl, possession of methamphetamine, and possession of drug paraphernalia. [RP 183-184] *See* NMSA 1978, § 30-31-23 (2021) (possession of a controlled substance); NMSA 1978, § 30-31-25.1 (2022) (possession of drug paraphernalia). The sole issue on appeal is whether Defendant's convictions were supported by sufficient evidence. [BIC 7-13] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{3}** The jury instruction for possession of fentanyl required the State to prove that (1) "[D]efendant had fentanyl in her possession"; and (2) "[D]efendant knew it was fentanyl or believed it to be fentanyl or believed it to be some drug or other substance the possession of which is regulated or prohibited by law." [RP 167] The instruction for possession of methamphetamine required the State to prove beyond a reasonable doubt that (1) "[D]efendant had methamphetamine in her possession"; and (2) "[D]efendant knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law." [RP 168] *See* UJI 14-3102 NMRA (possession of a controlled substance). Finally, the jury instruction for possession of drug paraphernalia required proof that (1) "[D]efendant had pipes, aluminum foil, and multiple containers in her possession"; and (2) "[D]efendant intended to use the pipes, aluminum foil, and multiple containers to store, contain, ingest, inhale, or otherwise introduce into the human body a controlled substance." [RP 169] *See* UJI 14-3107 NMRA (possession of drug paraphernalia). The jury was also instructed as to all three offenses that they occurred in New Mexico on or about February 23, 2024. [RP 167-169] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured.").

**{4}** According to Defendant's brief in chief, the following evidence was presented below. On February 23, 2024, officers from the Lincoln County Sheriff's Office were conducting surveillance at the Budget Lodge Inn in Ruidoso, New Mexico. [BIC 1] Officer Cody Conway saw Defendant who he knew to have an active municipal court warrant. Defendant did not have a purse or a jacket at that time. [BIC 1-2] Officer Conway then observed Defendant get into the right-side rear passenger seat of a black Acura sedan. [BIC 1] Also in the car were Nathan Orona, the registered owner of the vehicle, and Luis Montaño, who was in the other rear passenger seat. [BIC 1] When police approached the vehicle and made contact with the occupants, Mr. Orona fled on foot, and Mr. Montaño fought with officers. Both were eventually arrested. [BIC 2-3] Defendant surrendered without resistance and was arrested on the outstanding warrant.

[BIC 2] The Acura was towed to the police department and searched pursuant to a warrant the next day. [BIC 3]

**{5}** During the search of the vehicle, police discovered a yellow purse in the right-side rear passenger seat where Defendant had been sitting. [BIC 3] Inside the purse police recovered a Super Mario Brothers tin that contained methamphetamine. Police also found a pink cloth case, which held a rubber container with fentanyl and methamphetamine pills inside. [BIC 3-5] The purse also contained, wrapped in bubble wrap, a torch lighter, a piece of rubber, and a metallic scraper, which Agent Cody testified were items commonly used to ingest methamphetamine. [BIC 4] Police also found a several items with Defendant's name on them inside the purse including a Walmart prescription bottle, a bank card, a vape pen, and a folder. [BIC 3-5] A woman's jacket was also found in the car with a small plastic baggie holding pills similar to those found in the purse inside. [BIC 5]

**{6}** Defendant's argument on appeal focuses only on the sufficiency of the evidence to prove that she had the controlled substances or the drug paraphernalia in her possession. [BIC 7-13] Because Defendant did not have actual possession of the drugs and paraphernalia on her person, the State had to prove that Defendant had constructive possession. *See State v. Lopez*, 2009-NMCA-044, ¶ 19, 146 N.M. 98, 206 P.3d 1003 (stating that possession of illegal drugs can be either actual or constructive); *see also State v. Howl*, 2016-NMCA-084, ¶ 31, 381 P.3d 684 ("Constructive possession is sufficient to support a conviction."). For the State to establish constructive possession, it must demonstrate Defendant knew what the contraband was and where it was located and that she exercised control over it. *See* UJI 14-130 NMRA (defining possession); *State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 ("Constructive possession exists when the accused has knowledge of drugs or paraphernalia and exercises control over them.").

**{7}** Defendant does not dispute that the yellow purse and the jacket containing the drugs and paraphernalia belonged to her. [BIC 6, 9] However, Defendant argues that she did not have exclusive possession of the vehicle in which the purse and jacket were discovered, and therefore, the State was required to present evidence of more than the mere presence of the items to prove possession. [BIC 8-10] *See id.* ("When the accused does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession.").

**{8}** In this case, Defendant was linked to the contraband by more than just mere presence in the vehicle. The drugs and paraphernalia were found within discrete containers inside of Defendant's purse with other personal items belonging to Defendant, including her bank card and a prescription bottle, as well as a vape pen bearing her name. We have recognized that where contraband is found in close proximity with a defendant's personal belongings, this may be a circumstance sufficient to link the defendant with possession of the contraband. *See State v. Brietag*, 1989-NMCA-019, ¶ 14, 108 N.M. 368, 772 P.2d 898; *see also State v. Barber*, 2004-NMSC-

019, ¶ 28, 135 N.M. 621, 92 P.3d 633 (reasoning that the totality of the circumstantial evidence was sufficient to link the defendant to the contraband by more than just proximity, particularly when a business card found near the contraband was "remarkably similar to cards found in [the d]efendant's wallet"). Moreover, the purse was found in the rear passenger seat that Defendant had been occupying immediately prior to her arrest. *See generally State v. Garcia*, 2005-NMSC-017, ¶¶ 15-22, 138 N.M. 1, 116 P.3d 72 (holding that constructive possession of a firearm discovered in a vehicle was established when the defendant was sitting on an ammunition clip that fit the firearm); *Barber*, 2004-NMSC-019, ¶ 27 (providing that "[e]vidence of control includes the power to produce or dispose of" the contraband).

**{9}** This evidence was sufficient to establish a logical connection between Defendant and the contraband and support an inference of Defendant's knowledge and control. *See Brietag*, 1989-NMCA-019, ¶ 14 (stating that constructive possession is shown by a "rational connection between the location of the drugs [and paraphernalia] and [the] defendant's probable knowledge and control of them"); *see also* UJI 14-130 (stating that "[a] person is in possession . . . when . . .[they] know[] what it is, [they] know[] it is on [their] person or in [their] presence and [they] exercises control over it"). Defendant points to her cooperation with officers when arrested, the lack of DNA or fingerprint evidence linking her with the contraband, and lack of incriminating conduct on her part. [BIC 9-11] Defendant also notes that Mr. Orona and Mr. Montano were in the car with the purse and jacket for an indeterminate amount of time before she entered the vehicle. [BIC 10] However, as discussed, Defendant here was not merely in proximity of the contraband in an area over which she did not have exclusive control. Rather, Defendant was closely connected with the drugs and paraphernalia based on their location within containers inside of her purse, as well as their location in the same area of the vehicle that she occupied. To the extent Defendant argues that others could have placed the contraband in her purse and jacket without her knowledge, the evidence in this case was sufficient to allow the jury to infer Defendant's knowledge and control. *See State v. Morales*, 2002-NMCA-052, ¶ 30, 132 N.M. 146, 45 P.3d 406 ("The question is whether the jury had any evidence that would make it more likely that [the d]efendant knew the substance was hidden under the floor mat, as opposed to the possibility that the substance was put there without his knowledge."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110; *see also Rojo*, 1999-NMSC-001, ¶ 19 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [a d]efendant's version of the facts.").

**{10}** IT IS SO ORDERED.

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**